# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9669 | **DATE** | 9/25/02 |
| **CASE TITLE** | Clark v. Spey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss plaintiff's claims regarding his conditions of confinement and delay in medical is granted. Defendants Spey, Love, Edwards, King, and Smith are given 20 days to answer or otherwise plead to the remaining claim of use of excessive force.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 26 2002 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| X | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SJA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 01 C 9669 |
| | ) | |
| LAURA SPEY, et al., | ) | HONORABLE RONALD A. GUZMÁN |
| | ) | |
| Defendants. | ) | |

SEP 2 6 2002

## MEMORANDUM OPINION AND ORDER

Joe Clark, an inmate formerly at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that a number of Stateville defendants violated his Eighth Amendment rights. Specifically, Clark alleges that he was injured by correctional officers at Stateville and that, following the infliction of these injuries, he was placed in a "stripped" cell where he was held without heat, lighting, water (including a toilet or toilet paper), a mattress or blankets, while he was dressed in underclothes during a "bitterly cold" night, and he did not receive immediate medical care for his injuries.

Defendants Laura Spey, Cleottis Love, Darryl Edwards, Steven King, and Kanji Smith[1] have filed a motion to dismiss the counts alleging constitutional violations regarding Clark's conditions of confinement and the denial of medical care to Clark after he was allegedly injured by several correctional officers. The defendants have not moved to dismiss the claim that alleges that Clark was injured by these officers.

---

[1] Defendant B. Autman has not been served.

1

## Standard of Review

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts that sufficiently set forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.), *cert. denied*, 506 U.S. 893 (1992).

## Facts

Clark has alleged the following: On November 19, 2000, about 6:20 p.m., defendant Officer Laura Spey slammed his wrist and hand in the chuckhole door of his cell. Defendant Sgt. Grant and defendant Officers Autman, King, Smith, and Love then entered Clark's cell and

handcuffed him. Sgt. Grant pushed him, and another officer punched him in the back of his head. Sgt. Grant pulled Clark out of his cell, with the other officers following close behind, and was taking him to the main bullpen when an officer again hit Clark in the back of his head. Sgt. Grant told Officer Love to get a lead-chain, and Sgt. Grant tightened Clark's handcuffs and attached the lead-chain to the handcuffs. Grant then put Clark in the main bullpen, where Grant injured Clark with the lead-chain attached to the handcuffs, causing him "excruciating pain." Defendant Lt. Edwards observed the entire scene and did not intervene. Sgt. Grant and the other officers then took Clark out of the bullpen and walked him to another cell, where Grant put Clark in the cell, put the lead-chain through the chuckhole, and closed the door. Officers Autman, Smith, and Love then pulled the lead-chain very hard, causing "searing pain." Sgt. Grant removed the cuffs, and "they" left Clark in a "stripped" cell, which was "filthy and unsanitary," without any lights, water, a functioning toilet, or toilet paper. The cell also lacked a mattress, sheets, and blankets. Clark was dressed only in his undershorts and a tank-top t-shirt, and it was "bitterly cold" that night.

Clark "kept asking for medical attention...but no one would get it" for him. He was in "pure agony" until about 2:30 a.m., when an officer on the next shift called for medical attention. Clark was then seen by a medical technician. At about 3:15 a.m., another officer gave him a mattress and a blanket. Later that morning, the superintendent saw Clark and had him moved out of that cell and back to his original cell.

Clark has named as defendants Officer Laura Spey (for "deliberately and maliciously slamming my hand and wrist in the door"); Sgt. Grant and Officers Autman, Smith, Love, and King (for "pulling the lead-chain and cuffs while attached to my wrists and for leaving me in that

3

cell like that and for denying me or refusing to get me medical attention"); and Lt. Edwards (for being the supervisor who observed what happened and did not intervene).

**Analysis**

The defendants have moved to dismiss two of the plaintiff's claims. They argue that neither Clark's conditions of confinement for the period of hours he spent in the "stripped" cell nor the defendants' denial of immediate medical care for Clark's injuries violated the Eighth Amendment. The court concludes that neither circumstance rose to a level that violated the Eighth Amendment, and the motion to dismiss these two claims is therefore granted.

Conditions of Confinement Claim

If the court takes Clark's allegations as true, as it must do here, Clark was injured by prison officers, then placed in a cold and unlighted cell where he was deprived of warm clothing, a functioning toilet, toilet paper, a mattress, sheets, and a blanket for a period of several hours. He was given a mattress and a blanket at about 3:15 a.m. and was moved back to his own cell later that morning.

Rulings by the Seventh Circuit Court of Appeals suggest that when deprivations like these are relatively short in duration, they do not violate the Eighth Amendment. For example, it has held that a lack of toilet paper for five days was not a constitutional violation. *Harris v. Fleming*, 839 F.2d 1232, 1234-36 (7th Cir. 1988). Regarding the lack of a toilet, a district court case arising in the Northern District of Illinois noted that a poorly functioning toilet (among other unpleasant conditions) was inconvenient and perhaps created discomfort for an inmate over a period of 20 days, but he suffered no permanent harm. The conditions were therefore held to be

4

insufficiently egregious to approach the level of unconstitutional punishment. *Neal v. Clark*, 938 F.Supp. 484, 486-87 (N.D. Ill. 1996).

Further, although several cases have held that deprivations of clothing and bedclothes may violate the Eighth Amendment, *see, e.g., Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997), the court has noted that a condition that "might *not ordinarily* violate the Eighth Amendment may do so *if it persists over an extended period of time.*" *Id.* at 643 (emphasis added). In *Dixon*, for example, the conditions persisted for months. The *Dixon* court stated that when inmates claim that cold temperatures and a lack of clothing and bedclothes constitute cruel and unusual punishment, courts should examine several factors, including the *duration* of the cold temperatures. *Id.* at 644. The court added that cold that is "*extreme and long-lasting may* create a condition sufficiently harsh to violate the Eighth Amendment." *Id.* at 645 (emphasis added). In this case, Clark has not claimed that the cold he experienced for a few hours during the night of November 19, 2000, was so long-lasting that it caused any serious harm to his health or restricted any of his regular activities.

In sum, Clark has not alleged facts that are sufficient to establish the essential elements of an Eighth Amendment violation regarding his conditions of confinement during the night of November 19, 2000, and this claim is therefore dismissed.

Claim Regarding the Delay in Providing Medical Care

The defendants have moved to dismiss Clark's claim that there was a delay in providing him medical care for his injuries, and that this delay constituted deliberate indifference to a

5

serious medical need. Deliberate indifference to a serious medical need can constitute an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

According to his complaint, Clark was first injured by defendant Spey at about 6:20 p.m. But his description of the attack upon him by the other officers does not make clear how long the attack lasted, when he was placed in the "stripped" cell, or when he began requesting medical care. He has stated that he was in "pure agony" and repeatedly asked for medical attention. But he has also stated that shortly after a new shift started at 2:30 a.m., a medical technician arrived at the cell and examined Clark, and the technician said that he was going to write up an injury report. The complaint does not add that Clark suffered any permanent injury as a result of the attack.

It therefore appears from the complaint that Clark suffered pain and discomfort for a period of several hours before he was seen by the medical technician. In his response to the defendants' motion to dismiss, Clark claims that this period extended for nine hours, but that appears to be longer than the period alleged in the complaint. Even if his first injury occurred at about 6:20 p.m. and he was not seen by the medical technician until about 2:30 a.m., that period amounts to no more than eight hours. In addition, the various assaults upon Clark by the named officers must have occurred during a period of time amounting to one to three hours.

These assaults are not themselves at issue in the motion to dismiss that is before the court. What is at issue is the delay in medical care for the injuries that resulted. For purposes of ruling on the motion to dismiss, it is essential that the court distinguish between these two issues. The court notes that Clark does not claim to have requested medical care until sometime after the assaults upon him ended. The court must conclude, therefore, that the period during which Clark

was in pain and requesting medical care was less than eight hours, perhaps no more than four or five hours.

Clark has cited an Eleventh Circuit case as support for his claim that this short delay in medical care amounted to a constitutional violation. In *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999), that court stated that "a prison official may...act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours," but even Clark has added the rest of the court's sentence: "though the reason for the delay and *the nature of the medical need* is relevant in determining what type of delay is constitutionally tolerable." *Id.* at 1255, citing *Brown v. Hughes*, 894 F.2d 1533, 1537-39 (11th Cir. 1990) (emphasis added). The inmate in *McElligott* had serious abdominal pain and illness, eventually diagnosed as cancer, while the inmate in *Brown* had a serious and painful broken foot. Clark has failed to allege a comparable injury.

Moreover, in a recent Seventh Circuit ruling holding in favor of an inmate, *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997), the court noted that the inmate suffered from "chronic and substantial pain." Although Clark has used those words in his response to the motion to dismiss, he has not presented any basis for concluding that he has indeed suffered "chronic and substantial pain." He has not alleged any serious or permanent injury, such as broken bones, a need for surgery, or a lasting injury of any kind. As he notes in his response, the medical technician told him that the only treatment Clark required was to wash his cuts with soap and water and to get some rest. Even if x-rays were ordered, as Clark alleges, he has not alleged that the results of the x-rays demonstrated any serious medical need.

For these reasons, the delay in medical care provided to Clark did not constitute an Eighth

Amendment violation.

## Conclusion

Although the alleged assault on Clark by prison officers may have caused him considerable pain and discomfort, that assault is not at issue here. On the two questions before the court, Clark has not alleged facts that sufficiently set forth the essential elements of an Eighth Amendment violation.

The motion to dismiss the two claims discussed above, the conditions of confinement claim and the claim of a delay in medical care, is therefore granted.

Defendant Sgt. Grant has filed an answer to the complaint with this court. Defendants Spey, Love, Edwards, King, and Smith are given 20 days from the date of this ruling to answer or otherwise plead to the complaint.

Enter:

*/s/ Ronald A. Guzmán*

Hon. Ronald A. Guzmán
United States District Judge

Date: 9/24/02